Eastern District of Kentucky
FILED
SEP 2 8 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

CIVIL ACTION NO. 06-81

RALPH J. REIS, SR.                                     PLAINTIFF

VS.                     **OPINION AND ORDER**

JO ANNE BARNHART
COMMISSIONER OF SOCIAL SECURITY               DEFENDANT

This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 6) and the cross-motion for summary judgment of the Commissioner (Doc. 7).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298(6th Cir. 2001)(unreported)(citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. Aug. 16, 2001)).

In order to qualify for disability benefits, a claimant must establish that he is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." Heston, 245 F.3d at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)( citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate he suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then plaintiff is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. Id. Lastly, even if the claimant cannot perform his past

2

relevant work, he is not disabled if he can perform other work which exists in the national economy. Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of the ALJ's decision, claimant was sixty years old. He has a twelfth grade education, and has had prior relevant work as a mail sorting machine operator for the United States Postal Service and as a manager for a school kitchen. He has not worked since September 4, 2003.

The plaintiff has foot problems. In 1992, he had surgery to correct hammertoe, bunion and neuroma. (AR 103-05). In 2001, the claimant fractured his left foot. A September 16, 2002, X-rays of claimant's left foot revealed a hallux varus of the left 1st great metatarsal phalangeal joint. In December 2003, the Claimant complained of sharp and dull pain involving both feet that was exacerbated by prolonged ambulation, standing and weight-bearing. X-rays of the left foot revealed two spurs and slight degenerative changes of the first etatarsal phalangeal joint.

In April 2004, claimant complained to Dr. Ginney, his podiatrist, of soreness within the toes of his left foot. X-rays revealed no significant change from the May 2002 X-rays, but Dr. Ginney noted sclerosis, narrowing and periarticular osteophytes

3

on the third toe. He was prescribed medications and orthotic devices. (AR 122). In July 2004, the claimant reported that he still had aching and throbbing pain, but that the orthotics seem to help him.

In June 2005, the claimant complained of increased pain in his feet. Dr. Ginney recommended oral NSAIDS, which the claimant refused. Dr. Ginney advised the claimant to continue with his supportive shoes and orthotics.

At the evidentiary hearing on this application, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite 5 step evaluation for determining disability.

At step 1, the ALJ determined that the claimant had not been engaged in substantial gainful activity since the alleged onset of disability. At step 2, the ALJ determined that the "claimant's status post foot surgery and foot fracture" are "severe" impairments.

At step 3, the ALJ determined that, although claimant has impairments that are "severe," he does not have an impairment or combination thereof that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1. At step 4, the ALJ found the claimant is able to perform his past relevant work. Having found that the claimant could perform his past relevant work, the ALJ did not address step 5.

The claimant argues that the ALJ erred in not giving appropriate weight to the medical opinion of his treating

4

physician, Dr. Ginney. Dr. Ginney opined that the claimant could lift zero pounds frequently or occasionally. (AR 118). He also opined that although the claimant was not restricted in sitting, he could only stand/walk up to two hours, for 10-15 minute intervals, in an eight-hour day. (AR 118-19). Dr. Ginney also found that the claimant could never climb, balance, stoop, or crouch, but could occasionally kneel and crawl.

This assessment prohibits a full range of sedentary work which requires a claimant lift at least some weight such as docket files, ledgers and small tools. 20 C.F.R. § 404.1567(a). Even if the claimant could perform sedentary work, the grids would direct a finding of disabled for a person of claimant's age and education.

The claimant argues that Dr. Ginney's RFC limiting him to less than sedentary activity is supported by the objective record. Specifically, he points to the 2004 x-ray that revealed sclerosis and osteophytes at the distal interphalageal joint of the third toe and an avulsion fracture fragment of the proximal hallus. (TR 122). He argues that since objective evidence substantiates Dr. Ginney's findings, his opinion should have been given controlling weight.

The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well - supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §404.1527(d)(2). If an ALJ does not find a treating source's opinion to be entirely

5

credible, the ALJ may reject it, provided that good reasons are specified. Bogle v. Sullivan, 998 F.2d 342, 347-49 (6th Cir. 1993).

The claimant asserts that the ALJ did not give sufficient weight to Dr. Ginney's assessment. The ALJ, however, gave sufficient reasons to support his finding that although the claimant suffers from severe foot problems, Dr. Ginney's functional limitations were too restrictive and, therefore, not entitled to great weight. The ALJ stated:

> The claimant's medical record further contains a June 2, 2005 treating physician's Medical Assessment of Ability to do Work related Activities form suggesting, contrary to the above, that claimant could not: stand and/or walk more than a total of 2 hours in an 8 hour day; perform any lifting or carrying, climbing, balancing, stooping or crouching
>
> While records and testimony indicate that claimant is on disability from the postal service due to foot problems and the record contains a treating physician's residual functional capacity assessment indicating that claimant could not perform even sedentary level work, I conclude otherwise and take particular note of the conclusions of two physician's who found only minimal limitations of function based on foot problems (See Exhibits 3-F and 4-F). Indeed Exhibit 4-F shows clearly a physician's [sic] conclusion that there is no medical support for claimant's claim. Although they are not treating sources they are physicians who did examine the claimant. Moreover, x-ray reports show only mild osteoarthritis of the left foot. The consulting examiners [sic] conclusions are consistent with the claimant's testimony at the hearing that he performs the following household chores: vacuuming, taking out the trash and cooking. While he testified that his condition has worsened since July 2004 when an above mentioned Progress Note shows him taking long walks on vacation, a June 1, 2005 Progress Note also shows only a small diminution of physical activity and the claimant further testified that he still manages to take leisurely walks more than 10 minutes at a time.

(AR p. 17-18).

Accordingly, the ALJ concluded that although the

6

consultants agree there is objective medical evidence to support the claimant's claim of foot pain, they did not agree with Dr. Ginney's severe restrictions. The ALJ reviewed the medical records and found Dr. Ginney's opinion that the claimant could lift zero pounds, could only stand/walk up to two hours in an eight-hour workday was not supported by the evidence. Specifically, it was inconsistent with the opinions of the consulting examiners, claimant's testimony that he could lift some weight, and the limited findings on x-ray.

The court finds that the ALJ articulated clear reasons why he discredited treating physician Dr. Ginney's assessment: he did not find the treating physician's overly restrictive physical capacity assessment to be consistent or supported by the record. The court finds that the ALJ stated acceptable reasons for finding Dr. Ginney's assessment was not entitled to great weight.

The claimant also briefly argues that the ALJ erred in not considering the award of disability benefits by the claimant's employer: United States Postal Service. An award of benefits by a claimant's employer is nonbinding on the ALJ. See Roland v. Barnahart, 111 Fed. Appx. 865 (8th Cir. 2004). Moreover, the ALJ did note that the claimant was on disability from his employer, but stated that based upon the evidence of record, he did not find claimant disabled under the act. (AR 18).

The court also notes that a great deal of the evidence that the claimant points to as supporting his claim of disability are dated prior to his claimed onset of disability. Specifically,

7

the claimant refers to a 1992 foot surgery and a 2001 broken foot both of which occurred prior to September 2003 while the claimant was still working. In addition, Dr. Ginney's comparison of the April 2004 x-ray to the May 2002 x-ray resulted in his finding that there was no significant change in claimant's condition.

Upon discrediting Dr. Ginney's assessment, the ALJ concluded that the evidence of record supported a finding that the claimant was not substantially limited due to his foot condition. Instead, the ALJ found that the claimant had the capacity for lifting and carrying 10 pounds frequently and 20 pounds occasionally. He also found that the claimant could sit, stand and/or walk up to 6 hours each in an eight-hour day.

After assessing the claimant's RFC, the ALJ sought the assistance of a vocational expert (VE) to determine if the claimant could perform his past relevant work. The VE testified that based upon the RFC provided by the ALJ, the claimant would be capable of performing his past relevant work. (AR 188). Accordingly, the ALJ found the claimant was not disabled under the Act.

As discussed above, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73

(6th Cir. 2001)).

The court holds the findings of the ALJ are supported by substantial evidence. Accordingly, the claimant is not disabled within the meaning of The Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 6) be, and it hereby is, **denied** and the cross motion for summary judgment of the defendant (Doc. 7) be, and it hereby is, **granted**. That this matter be, and it is, hereby dismissed and stricken from the docket of this court.

This 28th day of September, 2006.

*William C. Bertelsman*

**WILLIAM O. BERTELSMAN, JUDGE**